UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

OMAR A. GARCIA,

*Petitioner,*

– against –

PAM BONDI, *Attorney General of the United States*, KRISTI NOEM, *Secretary of the Department of Homeland Security*, TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement, in their official capacities*, BRIAN FLANAGAN, *Acting Deputy, Field Office Director for ICE in New York City Area, in their official capacities*,

*Respondents.*

**MEMORANDUM & ORDER**
26-cv-01155 (NCM)

---

**NATASHA C. MERLE**, United States District Judge:

On February 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained petitioner Omar A. Garcia. Pet. for Writ of Habeas Corpus ("Petition") ¶ 3, ECF No. 1. Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 3. He has not been provided with a bond hearing. Pet. ¶¶ 9–10. He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. ¶ 12. For the reasons discussed below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of Honduras who entered the United States approximately thirty years ago. Pet. ¶ 2. Petitioner alleges that his U.S. citizen brother filed a Form I-130, Petition for Alien Relative, on his behalf in 2015, which is still pending before U.S. Citizenship and Immigration Services. Pet. ¶ 4. Petitioner and his partner have seven

1

children who range in age from 27 years old to one year old. Pet. ¶ 5. All of his children are U.S. citizens. Pet. ¶ 5.

Petitioner was arrested and detained by ICE on February 9, 2026. Pet. ¶ 3. During the instant litigation, the Court ordered respondents to submit "any records, documents, or other information in petitioner's immigration file, as well as any underlying records relied upon in [their] submission not yet filed by petitioner, and records indicating whether any property was seized from petitioner at the time of arrest." Scheduling Order 3, ECF No. 3. Respondents produced documents pursuant to the order, Resp. Exhibits, ECF No. 4 at 4–20, that include a Form I-200 Warrant for Arrest of Alien by the U.S. Department of Homeland Security ("DHS") issued for petitioner. Resp., Ex. A ("DHS Warrant"), ECF 4 at 6–7.[1] The warrant indicated that the signing immigration officer determined there is "probable cause to believe [petitioner] is removeable" and that the "determination is based upon . . . biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." DHS Warrant 1. Following his arrest, ICE issued petitioner a Form I-862 Notice to Appear ("NTA") charging that petitioner is inadmissible pursuant to § 212(a)(6)(A)(i) of the Immigration and Naturalization Act ("INA"). Resp. 1, ECF No. 4.

On February 27, 2026, petitioner initiated the instant action by filing for a writ of habeas corpus from this Court under 28 U.S.C. § 2241. Pet. 1, 12. The same day, the Court issued an order preserving its jurisdiction, and directing respondents to state the statutory

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

provision(s) under which respondents assert the authority to detain petitioner, and to address whether the instant petition is controlled by the Court's prior opinions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y). Scheduling Order 2. The government filed a response on March 4, 2026, stating that it is respondents' position that petitioner's detention is subject to 8 U.S.C. § 1225(b)(2)(A). Resp. 2. Respondents explain that while they "disagree with the Court's prior statutory analysis concerning [§ 1225(b)(2)(A)] . . . the facts of this case are not materially distinguishable." Resp. 2.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to 'determine the facts, and dispose' of habeas petitions expeditiously, 'as law and justice require.'" *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

3

**DISCUSSION**

Petitioner contends that his detention violates the INA and the Due Process Clause of the Fifth Amendment among other arguments.[2] Pet. ¶¶ 39–49. The government's response does not meaningfully dispute these assertions.[3] However, respondents declare their disagreement with "the Court's statutory analysis concerning [§ 1225(b)(2)(A)] and note that their position has been adopted and affirmed by courts within the Second and Fifth Circuits. Resp. 2 n.3. Accordingly, for the reasons stated by this Court in *Y-C-*, and *Crespo Tacuri*, which are incorporated here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 42 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment. *See Y-C-*, 2025 WL 3653496, at *7; *Crespo Tacuri*, 2026 WL 35569, *7; *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y. Mar. 4, 2026), ECF No. 19; *see also Ccorihuaman*, 2026 WL 328983, at *2. "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

---

[2]    Petitioner also brings a cause of action under the Administrative Procedure Act. Pet. ¶¶ 47–49. Respondents argue that the Court "should not entertain the APA claim" because the "waiver of sovereign immunity in the APA is only for agency action 'for which there is no adequate remedy in a court.'" Resp. 2 n.2 (quoting 5 U.S.C. § 704). The Court's Order does not reach petitioner's argument under the APA or respondents' objections.

[3]    For this reason, and for the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing before this Court in *Crespo Tacuri* and *Y- C-*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

**CONCLUSION**

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 5:00 p.m. on March 6, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of any of . . . [p]etitioner's rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's March 9, 2026 deadline to file a reply and the hearing scheduled for March 11, 2026 are hereby adjourned.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

_/s/ Natasha C. Merle_____
NATASHA C. MERLE
United States District Judge

Dated:      March 5, 2026
            Brooklyn, New York